511 A.2d 200

**COMMONWEALTH of Pennsylvania**

v.

**Aaron THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1985.

Filed June 11, 1986.

Petition for Allowance of Appeal Denied Nov. 7, 1986.

Joseph P. Grimes, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WICKERSHAM, ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence imposed following appellant's parole and probation violations. Appellant's counsel contends that "[t]here are no meritorious issues on appeal and therefore the appeal should be dismissed pursuant to" *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Brief for Appellant at 1. We direct counsel either to comply with all of this Commonwealth's *Anders* requirements if he seeks leave to withdraw from this appeal or to file an advocate's brief. In so directing counsel, we clarify the requirement that counsel seeking leave to withdraw file a so-called *Anders* brief, a requirement that has generated continued confusion. We also direct the Commonwealth, if appellant's counsel petitions for leave to withdraw from this appeal, to file, consistent with this opinion, a *responsive* brief to counsel's *Anders* brief.

In *Commonwealth v. Wallace*, 322 Pa. Superior Ct. 157, 469 A.2d 230 (1983), this Court granted a petition to withdraw after counsel, representing a defendant on his appeal from an order dismissing his third petition for relief under the Post Conviction Hearing Act, 42 Pa.C.S.A. §§ 9541–9551, proceeded as follows: she (1) petitioned this Court for leave to withdraw, stating that, after making a conscientious examination of the record and interviewing the defendant, she had determined that the appeal was frivolous; (2) filed a brief referring to anything in the record that might arguably support the appeal, but which did not resemble a no-merit letter or *amicus curiae* brief; and (3) furnished a copy of the brief to the defendant and advised him of his right to retain new counsel or raise any additional points that he deemed worthy of this Court's attention. *Commonwealth v. Wallace, supra,* 322 Pa. Superior Ct. at 160, 469 A.2d at 231–32. The Court was then able to "make an independent judgment whether the appeal [was] in fact frivolous." *Id.,* 322 Pa.Superior Ct. at 160–161, 469 A.2d at 232.

Here, appellant's counsel has failed to comply with each of these requirements. First, although counsel states that he "has thoroughly reviewed the very brief record in this matter" and has found no meritorious or "colorable" issues to raise on appeal, Brief for Appellant at 7, we do not know if counsel ever consulted appellant as part of his review of this case. Indeed, counsel has not filed a petition for leave to withdraw stating that he has found the appeal to be frivolous (an *Anders* brief is not a petition for leave to withdraw); he asks only that we "dismiss" appellant's appeal. Secondly, counsel has failed to file a proper *Anders* brief, that is, one "referring to anything in the record that might arguably support the appeal," but that "does not resemble a no-merit letter or *amicus curiae* brief." Counsel's brief includes only a "statement of the case." Brief for Appellant at 6–8. Lastly, counsel has not averred that he furnished appellant with a copy of his *Anders* brief and withdrawal petition and explained to him that he could retain new counsel or raise on his own behalf other issues for this Court's attention.[1] Accordingly, we direct appellant's counsel, within thirty (30) days of the date of this decision, either to comply fully with this Commonwealth's *Anders* requirements as detailed here, or to file an advocate's brief.

■ We would add these additional comments concerning the content of counsel's *Anders* brief. Counsel need not find meritorious issues if he believes there are none. However, counsel must briefly set forth those issues that appellant wishes to advance as well as any other claims necessary to the effective appellate presentation of those issues. "Counsel could also include relevant case citations and references to the record in aid of the reviewing" court. *Commonwealth v. McGeth*, 347 Pa. Superior Ct. 333, 342, 500 A.2d 860, 868 (1985) (HOFFMAN, J., concurring) (footnote omitted); *see also Commonwealth v. McClendon*, 495 Pa. 467, 476, 434 A.2d 1185, 1189 (1981) (O'BRIEN, C.J.,

---

1. Counsel could make these averments by way of affidavit, certificate of service, or the petition for leave to withdraw.

dissenting) ("Counsel should [limit] his brief to a statement of the facts with citations to the transcript and discussion of the legal issues involved in the case with citations of authority."). In other words, counsel need not argue against appellant, as was done here, *see* Brief for Appellant at 8, or, for that matter, argue the issues as an advocate who is *not* seeking leave to withdraw. Instead, by his simply "flagging" the issues, counsel could better enable this Court to make an independent judgment whether appellant's appeal is, in fact, frivolous. *See Commonwealth v. McClendon, supra,* 495 Pa. at 476, 434 A.2d at 1189 (O'BRIEN, C.J., dissenting) ("[T]he *Anders* Court was concerned with what counsel submitted to the court that might verify counsel's examination of the record and aid the Court in conducting its independent evaluation of the case.").

The confusion among practitioners and judges as to what constitutes a proper *Anders* brief stems from our Supreme Court's decision in *Commonwealth v. McClendon, supra.* There the Court stated:

> Once we are satisfied with the accuracy of counsel's assessment of the appeal as being wholly frivolous, counsel has fully discharged his responsibility. The role of an advocate, insisted upon in *Anders,* refers to the manner in which the record was examined in an effort to uncover grounds to support the appeal. Where counsel has in good faith satisfied that obligation and found the appeal to be wholly frivolous, he can do no more. We reject the view that his explanation of why there is no basis for an appeal should be interpreted as reflecting counsel's lack of concern in the client's cause. Nor can that fact be assigned as a reason for concluding that the client did not receive this constitutionally protected right of representation.

*Id.,* 495 Pa. at 473–74, 434 A.2d at 1188. Thus, if counsel need "do no more" after finding an appeal to be wholly frivolous, the Court suggests that *no* discussion of the issues on appeal is necessary.

The *McClendon* Court perceived a conflict between the requirements that counsel seeking leave to withdraw find that an appeal is "wholly frivolous" while filing a brief that referred to "anything in the record that might arguably support the appeal." *Id.,* 495 Pa. at 471–73, 434 A.2d at 1187–88. This is, of course, what *Anders* itself requires:

[Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be *wholly frivolous,* after a conscientious examination of it, he should so advise the court and request permission to withdraw. *That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.*

*Anders v. California,* 386 U.S. at 744, 87 S.Ct. at 1400 (emphasis added). Justice Clark, writing for the Court, detailed why it would require such a brief:

The requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled.

This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.

*Id.*, 386 U.S. at 745, 87 S.Ct. at 1400. Therefore, there are two purposes to be served by counsel's filing a brief that refers to anything in the record that might arguably support the appeal: (1) it gives the reviewing court a basis upon which to decide if the appeal is, in fact, frivolous, and (2) it gives indigent defendants "as nearly as is practicable" that which is guaranteed them under the Sixth and Fourteenth Amendments, the right to counsel (and, in the process, protects counsel from ineffectiveness allegations). If we were to accept a counsel's conclusion that an appeal was wholly frivolous, without more, "counsel would become the 'court' determining the merits of a defendant's appeal." *Commonwealth v. McGeth, supra*, 347 Pa.Superior Ct. at 342 n. 6, 500 A.2d at 868 n. 6 (HOFFMAN, J., concurring). In any event, we perceive no conflict: counsel who honestly believes that an appeal is wholly frivolous need not argue as an advocate would, but need only set out the issues in brief "neutral" form in order that a reviewing court, in most instances this Court, can address the defendant's contentions. Furthermore, by counsel's not arguing against his or her client, a defendant will not be " 'sandbagged when the counsel appointed by one arm of the Government seems to be helping another to seal his doom.' " *Commonwealth v. Jones*, 451 Pa. 69, 75, 301 A.2d 811, 815 (1973) (quoting *Suggs v. United States*, 391 F.2d 971, 974 (D.C.Cir.1968)).[2]

**2.** Compare the Massachusets procedure:

In summary, we adopt the following guidelines in order to avoid the fragmentary and circuitous steps of the procedure suggested in *Anders* yet still achieve the *Anders* goal of assuring that indigent appellants receive treatment substantially equal to that enjoyed by those able to retain private counsel. Once counsel is appointed to represent an indigent criminal defendant on appeal, no withdrawal will be permitted solely on the basis of the frivolousness or meritlessness of the appeal. Even if counsel has doubts about the merits of the appeal, he or she must prepare and submit a brief arguing any issues that are arguable. Counsel need not espouse unsupportable contentions insisted on by the defendant, but should present them sketchily, simply designating pertinent portions of the trial transcript and citing any relevant cases. If counsel feels ethically compelled to dissociate himself or herself from contentions presented in the brief, counsel may preface the brief with a statement that

In *McClendon,* our Supreme Court was able to conduct fully an independent study of the record, no doubt aided by the defendant's *pro se* memorandum of law, even though counsel who sought leave to withdraw there argued against his client in the *Anders* brief. *Commonwealth v. McClendon, supra,* 495 Pa. at 474, 434 A.2d at 1188. Therefore, to the extent that the Court was able to satisfy the central purpose of the *Anders* briefing requirement, independent review of the merits of the appeal, by means other than relying on counsel's no-merit or *amicus curiae* brief, we consider the Court's suggestion of "he can do no more" *dictum.* For many of the appeals to this Court in which counsel for the defendant seeks leave to withdraw, we have nothing to aid us in our independent review. In the instant case, we have no *pro se* brief filed by appellant,[3] and for the reason that follows, our ability to review the merits of the appeal is hampered in yet another way.

■ In its brief, the Commonwealth takes the position that, "for the reasons set forth in both defense counsel's brief and the opinion of the lower court . . . [it] is of the

is filed pursuant to *Anders* and to the guidelines of this case. In that event, counsel must so notify the defendant, who will have thirty days to respond should he so choose. Beyond such a preface, counsel should not inject disclaimers of personal belief in the merits of the case or otherwise argue against the defendant's interests. *Commonwealth v. Moffett,* 383 Mass. 201, 216–17, 418 N.E.2d 585, 596 (1981) (footnotes omitted). The court reasoned that, because counsel had to file an *Anders* brief anyway, "he or she may as well submit it for the purposes of an ordinary appeal. Even if the appeal is frivolous, less time and energy will be spent directly reviewing the case on the merits." *Id.,* 383 Mass. at 206, 418 N.E.2d at 590–91. Thus the court sought to balance an indigent's right to counsel on appeal with counsel's ethical duty not to advance knowingly meritless claims, while attempting to avoid "the fragmentary and circuitous steps" necessitated by *Anders.*

3. Counsel in *McClendon* satisfied the other withdrawal requirements, including advising the defendant that he could raise any points that he deemed worthy of consideration. *Commonwealth v. McClendon, supra,* 495 Pa. at 471, 434 A.2d at 1187. Counsel in the instant case did not, thus depriving appellant of an opportunity to respond on his own behalf.

view that [appellant's] appeal should be dismissed as requested by counsel." Brief for the Commonwealth at 2. We strongly disapprove of the Commonwealth's relying on an *appellant's brief* in support of its argument for the affirmance of a lower court's judgment of sentence or order. "It is not appellate counsel's responsibility to write a brief for the prosecution...." *Commonwealth v. Oliver*, 479 Pa. 147, 150, 387 A.2d 1266, 1267 (1978). Although admittedly difficult here because appellant's counsel's *Anders* brief summarily sets forth issues that could be raised on appeal, *see* Brief for Appellant at 8, the Commonwealth should respond to an *Anders* brief by arguing *why* the issues set forth therein are meritless. Such a responsive brief will aid this Court in determining whether an appeal is, indeed, frivolous. Accordingly, we direct the Commonwealth, within thirty (30) days of the date appellant's counsel petitions for leave to withdraw from this appeal, to file, consistent with the above, a responsive brief to counsel's *Anders* brief. If counsel files an advocate's brief, the Commonwealth will be expected to respond as usual.

The briefs filed in this case would force this Court to play three roles, not one: for appellant, we must search a cold record for issues that could arguably support this appeal, and then, without the benefit of the Commonwealth's advocacy, determine their merit. This we will not do.

For the foregoing reasons, then, we enter the following order: Appellant's counsel is directed, within thirty (30) days of the date of this decision, either to comply with this Commonwealth's *Anders* requirements as set forth above if he seeks leave to withdraw from this appeal, or to file an advocate's brief. The Commonwealth, within thirty (30) days of the date appellant's counsel files his petition for leave to withdraw or advocate's brief, is directed to respond consistently with this opinion. Jurisdiction of this panel is relinquished. Jurisdiction of the Superior Court is retained. Case to be reassigned by the Prothonotary's Office to another panel.