562 A.2d 369

COMMONWEALTH of Pennsylvania, Appellee,

v.

Peter J. McFARLAND, Appellant.

Superior Court of Pennsylvania.

Submitted May 15, 1989.

Filed July 26, 1989.

Richard E. Johnson, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

CAVANAUGH, Judge:

This is a direct appeal from a judgment of sentence. The appeal was submitted to this court without oral argument. In his brief on appeal appellant Peter J. McFarland's attorney simply recounts the history of the case and a summary of the facts leading up to McFarland's arrest. This is followed by a statement that after a thorough review of the record, counsel concluded that an appeal would be wholly frivolous and without arguable merit, citing *Commonwealth v. McGeth*, 347 Pa.Super. 333, 500 A.2d 860 (1985) and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel concludes with a request for permission to withdraw as counsel. Appellant had private counsel at trial and through the post-trial motion proceeding, but is represented on appeal by new, appointed counsel.

We first observe that this is a direct appeal and we need not involve ourselves with the issue of the application of *Anders, supra,* to collateral proceedings. See *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Under the present circumstances, we find that the requirements alluded to in *Commonwealth v. Thomas*, 354 Pa.Super. 87, 511 A.2d 200 (1986) must be met in order to satisfy the requirements of *Anders:* (1) counsel must petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, it has been determined that the appeal would be frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal, but which does not resemble a no-merit letter or *amicus curiae* brief; and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.

While counsel has filed a separate petition in this court to withdraw, it is apparent from our review of the record that he has not fully complied with the requirements set forth in (2) or (3) above. The brief which we have summarized above does not refer to anything in the record which might arguably support the appeal nor does it state that appellant has been duly notified in accordance with requirement (3). In a letter to this court counsel advises only that at the time his brief was filed with this court, the appellant was notified. In addition, this court has received a communication from Mr. McFarland who is confined to the S.C.I. at Greensburg, PA, that he had not known that attorney Johnson was appointed until November 25, 1988 when he received a brief letter from him enclosing a copy of the appellate brief. McFarland asserts that at no time prior thereto did counsel contact him or discuss his appeal.

Further examination of the appellate history of this case discloses that in acting on counsel's application to withdraw filed in this court, the following order was entered:

"AND NOW, this 31st day of January, 1989, the petition of Richard S. Johnson, Esq. to withdraw as counsel is *DENIED* without prejudice to file a petition to withdraw which fulfills the requirements of *Anders v. California,* 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1986) [ (1967) ] (brief containing all issues which might be raised and basis for conclusion that appeal is frivilous [sic]; notice to client of his right to file a *pro se* brief or to retain new counsel) or to file an advocate's brief."

Counsel's letter to this court, which contended that the brief already filed on appeal fulfilled the requirements of *Anders,* was filed in response to this order. As outlined above, it is clear that the brief is not in compliance with *Anders.*

Finally, the appellate record discloses that appellant, stating his dissatisfaction with counsel's services, petitioned this court to remove attorney Johnson as his counsel. This request was denied.

We conclude that counsel's failure to comply with the requirements of *Anders* and the directive of this court, is fatally defective and that we are, by reason thereof, unable to make an independent judgment whether the appeal is frivolous. *Commonwealth v. Thomas, supra.* We believe that under all the circumstances, the application of present counsel to withdraw should be granted. In view of counsel's failure to file an appropriate brief on appeal and his disregard of a specific direction by this court, we would recommend that no counsel fee be awarded in this matter. We make the following order:

Upon consideration of the present appeal, it is ordered that the matter be remanded to the trial court for the appointment of new counsel. The Court Administrator of the Court of Common Pleas of Philadelphia shall appoint substitute counsel to serve in connection with this appeal and shall immediately notify the Prothonotary of the Superior Court of such appointment. The Prothonotary of this court shall establish a new briefing schedule commencing ten days from the appointment of substitute counsel.

Case remanded. Jurisdiction not retained.