611 A.2d 1312

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Joseph Francis KENNEDY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 26, 1992.

Filed July 30, 1992.

William I. English, Jr., Norristown, for appellant.

Mary M. Killinger, Asst. Dist. Atty., Norristown, for Com., appellee.

Before POPOVICH, FORD ELLIOTT and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence following revocation of the appellant's, Joseph F. Kennedy's, probation. Counsel for the appellant seeks to withdraw his representation and claims that he has done so pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The facts are not in dispute. On July 16, 1985, the appellant entered a guilty plea to the charges of burglary and criminal conspiracy. Sentence for burglary consisted of 4 to 10 years imprisonment, while a period of 5 years probation, to be served consecutively to the burglary sentence, was imposed for criminal conspiracy.

Once the appellant completed his sentence for burglary, he was placed on probation for conspiracy. Thereafter, the appellant was charged with violating his probation. As a result thereof, a hearing was conducted wherein the appellant waived his right to a *Gagnon* I hearing [1] and stipulated to the *Gagnon* II proceeding. He did so without any threats or promises being made, while all the time cognizant that a probation violation could result in the imposition of a sentence for criminal conspiracy. Once a pre-sentence report was prepared, the appellant was sentenced on June 26, 1991, to a term of 2 to 10 years imprisonment. This appeal followed.

In *Commonwealth v. Thomas*, 354 Pa.Super. 87, 511 A.2d 200, 201 (1986), this Court set forth those requirements which need to be satisfied prior to granting counsel leave to withdraw; to-wit:

1. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

> (1) petition[ ] ... for leave to withdraw [must] state[ ] that, after making a conscientious examination of the record and *interviewing the defendant,* [counsel] ha[s] determined that the appeal [i]s frivolous; (2) file [ ] a brief referring to anything in the record that might arguably support the appeal, but which d[oes] not resemble a no-merit letter or *amicus curiae* brief; and (3) furnish[ ] a copy of the brief to the defendant and advise[ ] him of his right to retain new counsel or raise any additional points that he deem[s] worthy of this Court's attention. [Emphasis added]

Accord *Commonwealth v. Wilson,* 396 Pa.Super. 296, 578 A.2d 523, 524–25 (1990); *Commonwealth v. Gee,* 394 Pa.Super. 277, 575 A.2d 628, 629 (1990); *Commonwealth v. Beasley,* 391 Pa.Super. 287, 570 A.2d 1336, 1337 (1990); *Commonwealth v. McFarland,* 386 Pa.Super. 91, 562 A.2d 369 (1989); *Commonwealth v. Wallace,* 322 Pa.Super. 157, 469 A.2d 230, 231–32 (1983).

■ Instantly, the appellant's counsel has failed to comply with Point (1) above. To explicate, nowhere in the record is there any indication that the appellant's counsel filed a "petition to withdraw" after "interviewing" the appellant before determining that an appeal would be frivolous.

In a letter from counsel for the Montgomery County Public Defender's Office dated October 28, 1991, a copy of which is attached to the "Brief Pursuant To Anders" as Exhibit "A", the appellant was informed of the following:

> Please be advised that this office will be filing what is known as an "Anders" brief in the Superior Court. This brief will advise the court that, having made a conscientious review of the record, this office has determined the appeal to be frivolous. In addition, the brief will request permission to withdraw as counsel.
>
> PLEASE BE ADVISED THAT YOU MAY RETAIN NEW COUNSEL OR RAISE ON YOUR OWN ANY ADDITIONAL POINTS OF LAW THAT YOU MAY

DEEM APPROPRIATE FOR REVIEW BY THE SUPE-
RIOR COURT.

Additionally, counsel filed a Petition To Withdraw in which
he alleged, as is herein relevant, at Paragraph 4:

> The petitioner has examined the record; the petitioner
> has *conferred* with the defendant; the petitioner has
> prepared an *Anders* brief. True and correct copies of
> correspondence indicating the foregoing are attached
> hereto, made a part hereof and marked "A". [Emphasis
> added]

It is evident from a reading of the Petition To Withdraw
and the October 28th letter (a/k/a Exhibit "A") that the
appeal was determined by counsel to be "frivolous" without
ever interviewing or communicating (e.g., via the phone)
with the appellant. This is violative of established case
law.[2] See, e.g., *Thomas,* supra.

 It is only after *all* of the requirements attendant to
counsel's request to withdraw are met that a reviewing
court will make a full examination of the proceedings and
render an independent judgment of whether the appeal is in
fact "wholly frivolous." *Commonwealth v. McClendon,*

---

**2.** Although *McClendon,* supra makes no reference to the need to
communicate/interview with the appellant in advance of counsel
seeking to withdraw because of the frivolousness of an appeal, Superi-
or Court has interpreted the law to be otherwise. See *Thomas,* supra.
More to the point, we do not find that sending a letter to a defendant
informing him/her that an appeal perfected on his/her behalf would
be frivolous does not satisfy the communication/interviewing con-
templated by this Court in *Thomas,* supra. Surely, a face-to-face
confrontation or an affidavit of communication over the phone if
counsel cannot meet with the defendant would be satisfactory. Nei-
ther scenario transpired instantly. Accordingly, the Petition To With-
draw is premature. Thus, we are required by precedent to adhere to
the satisfaction of such a requirement before allowing a petition to
withdraw to be granted. *Thomas,* supra.

In all other regards, counsel has adhered to the mandate of *Anders,*
e.g., furnishing a copy of the brief to the appellant in advance of
seeking to withdraw. Id.; see also *Commonwealth v. Baker,* 429 Pa.
209, 239 A.2d 201 (1968); *Commonwealth v. Worthy,* 301 Pa.Super. 46,
446 A.2d 1327 (1982). Nevertheless, the failure to comply with the
dictates of *Thomas,* supra, on the question of "interviewing" with a
defendant in advance of seeking to remove oneself as counsel under-
mines the grant of the Petition To Withdraw.

495 Pa. 467, 471, 434 A.2d 1185, 1187 (1981). Since counsel for the appellant has failed to comply with the constitutional requirements for withdrawal, the petition is denied. *Thomas,* supra.

 Counsel is directed to file an amended request for leave to withdraw that meets in all respects the requirements of *Anders.* See, e.g., *Gee,* supra; *Thomas,* supra. Counsel is to comply with this order within thirty (30) days or risk sanctions. *Worthy,* supra. Jurisdiction of this panel is relinquished. Jurisdiction of the Superior Court is retained. Case to be reassigned by the Superior Court prothonotary to another panel.[3]

---

**3.** We would note that the Commonwealth has failed to file a responsive (letter) brief to counsel's *Anders* brief. We direct the Commonwealth to do so henceforth. See *Thomas,* supra.