J-S57017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY LEE DANIELS | |
| Appellant | No. 3043 EDA 2013 |

Appeal from the Judgment of Sentence October 8, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000344-2012

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 28, 2014**

Appellant, Jeffrey Lee Daniels, appeals from the October 8, 2013 aggregate judgment of sentence of 30 to 60 years' incarceration, followed by 20 years' probation, which the trial court imposed after a jury convicted him of multiple sex offenses.  In addition, Appellant's counsel has filed with this Court a petition to withdraw, together with an **Anders**[1] Brief, averring the appeal is frivolous.  After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Our review of the certified record discloses the following procedural history of this case.  On May 4, 2011, the City of Chester Police Department filed a criminal complaint, charging Appellant with four counts each of rape

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

of a person less than 13 years old, involuntary deviate sexual intercourse (IDSI) of a person less than 13 years old, sexual assault, aggravated indecent assault of a person less than 13 years old, indecent assault of a person less than 13 years old, and endangering the welfare of children by parent/guardian/other, and two counts of indecent exposure,[2] alleging multiple acts of sexual abuse against his minor daughters during the previous two years. The matter proceeded to a jury trial commencing with jury selection on February 14, 2013 and concluding with a verdict on February 21, 2013. The jury found Appellant guilty of all the remaining charges.

On February 25, 2013, the trial court ordered Appellant to be assessed by the Pennsylvania Sexual Offenders Assessment Board (SOAB), pursuant to 42 Pa.C.S.A. § 9799.24.[3] The SOAB determined Appellant to be a sexually violent predator (SVP). Appellant was sentenced on October 8, 2013 to an aggregate term of incarceration of 30 to 60 years, followed by 20

---

[2] 18 Pa.C.S.A. §§ 3121(c), 3121(b), 3124.1, 3125(a)(7), 3126(a)(7), 4304(a)(1), and 3127(a), respectively. The criminal complaint mistakenly cited the rape and IDSI charges to the pre-2002 amendment sections of the respective statutes. Handwritten corrections of the citations were made on the subsequently filed information. Prior to verdict, the Commonwealth withdrew the four sexual assault counts, two of the indecent assault counts, two of the endangering the welfare of children counts, and the two indecent exposure counts.

[3] On March 18, 2013, Appellant filed a *pro se* notice of appeal. This Court quashed the appeal as interlocutory on May 21, 2013. **Commonwealth v. Daniels**, 912 EDA 2013, *Per Curiam* Order, 5/21/13.

years' probation. The sentencing court determined Appellant to be a SVP and made him subject to a lifetime registration requirement. No post-sentence motion was filed. After sentencing, on October 24, 2013, new counsel was appointed to represent Appellant.[4] On November 7, 2013, Appellant filed a timely counseled notice of appeal.[5] On June 9, 2014, Appellant's counsel filed, with this Court, a petition to withdraw as counsel, together with an **Anders** brief. Appellant has not filed a response.

On appeal, counsel advances on Appellant's behalf the following issue as having arguable merit.

> Whether the court abused its discretion when it instructed the jury that they would have to decide whether Mr. Daniels was guilty or innocent?

---

[4] Although reflected in the trial court docket, neither this order nor the circumstances occasioning it are contained in the certified record.

[5] Appellant had filed another *pro se* notice of appeal on October 11, 2013, which this Court dismissed as duplicative on December 9, 2013. **Commonwealth v. Daniels**, 2886 EDA 2013, *Per Curiam* Order, 12/9/13. Additionally, the trial court docket contains an entry indicating the filing on November 8, 2013, of an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). However, only an unstamped and unsigned copy of the order is contained in the record certified to this Court. Nevertheless, Appellant's counsel twice filed a motion for an extension of the time to file the statement, due to the unavailability of ordered transcripts. Again, the trial court docket reflects the entry of orders granting the requests, but no signed time-stamped copies are included in the certified record. On February 14, 2014, within the time requested in counsel's second motion, Appellant's counsel filed a statement of intent to file an **Anders** brief, pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed a Rule 1925(a) opinion on February 20, 2014, outlining the case but addressing no specific issues, as none were identified.

***Anders*** Brief at 3.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, we review counsel's ***Anders*** brief for compliance with the requirements set forth by our Supreme Court in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 361.

Pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005) and its progeny, "[c]ounsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014)

(internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).[6]

---

[6] In her concurring memorandum, Judge Donohue aptly highlights what we perceive as a persistent conflict in this Court, when confronted with a counsel's motion to withdraw and *Anders* brief, over the proper scope of our independent review to determine if the appeal is wholly frivolous. While the *en banc* cases cited in the concurring memorandum, *Goodwin*, and *Commonwealth v. James*, 46 A.3d 776, 778 (Pa. Super. 2012), indicate this Court has conducted independent reviews for "non-frivolous issues that could be raised," the propriety of doing so was not at issue in those cases. Therefore, any suggestion that this Court is required to engage in such review is merely dicta. We deem any precedential value to be limited. Rather, we harbor the view that the proper procedure to follow, upon presentation of a technically compliant motion to withdraw and *Anders* brief, is that expressed by Judge Klein in *Commonwealth v. Baney*, 860 A.2d 127, 129 (Pa. Super. 2004) (lead opinion), *appeal denied*, 877 A.2d 459 (Pa. 2005).

[T]he following is the appropriate procedure:

1. The Superior Court should initially consider only the *Anders* brief to determine whether the issues are in fact wholly frivolous.

2. If the Court determines that the issues are not wholly frivolous, it should grant relief accordingly.

3. If it finds the issues in the *Anders* brief to be wholly frivolous, the Court should determine whether the defendant has been given a reasonable

*(Footnote Continued Next Page)*

- 5 -

amount of time to either file a *pro se* brief or obtain new counsel.

4. When a reasonable amount of time has passed and no *pro se* or counseled brief has been filed, the Court should dismiss the appeal as wholly frivolous pursuant to its initial determination and affirm the decision of the trial court.

5. When a *pro se* or counseled brief has been filed within a reasonable amount of time, however, the Court should then consider the merits of the issues contained therein and rule upon them accordingly.

***Id.*** (citation omitted). We recognize the limited precedential value of ***Baney***, where Judge Johnson concurred, reserving judgment on this portion of Judge Klein's lead opinion, and Judge Popovitch concurred in the result. We cite it as a clear articulation of what we deem to be the correct scope of our independent review dictated by ***Anders***. ***See also Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007) (noting, "when conducting an ***Anders*** review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief"), *appeal denied*, 936 A.2d 40 (Pa. 2007).

In revising counsel's duties in preparation of an ***Anders*** brief, previously defined in ***Commonwealth v. McClendon***, 434 A.2d 1145 (Pa. 1981), our Supreme Court appeared to endorse this approach, albeit in dicta.

[I]n Pennsylvania, when counsel meets his or her obligations [under ***Anders***], "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***McClendon***, 434 A.2d at 1187. ***Compare with*** [***United States v.***]***Youla***, 241 F.3d [300,] 300-01 [(3d Cir. 2001)] (citing ***United States v. Wagner***, 103 F.3d 551, 552-53 (7th Cir. 1996) (explaining that where counsel's brief appears adequate on its face, **court confines its scrutiny on question of frivolity to those issues**

*(Footnote Continued)* ────────────

> **and portions of record identified by brief and, if filed, appellant's *pro se* brief**)).

***Commonwealth v. Santiago***, 978 A.2d 349, 355, n.5 (Pa. 2009) (emphasis added).

We believe the rationale for this procedure is sound. Certainly, this Court has never reviewed the record in cases where an advocate's brief is filed to look for issues that might have been raised, excepting issues we may raise *sua sponte*. While the concerns expressed in ***Anders*** are addressed to vindicate a defendant's right to counsel, those concerns are met by our review of the technical requirements of ***Anders***, including the requirement that counsel demonstrate his or her thorough review of the record and make reference to any issues that could arguably support an appeal. Thus, we have found inadequate ***Anders*** briefs that failed to meet this requirement. ***See Commonwealth v. Vilsaint***, 893 A.2d 753, 758 (Pa. Super. 2006) (holding counsel's failure to secure all transcripts precluded compliance with his obligation under ***Anders*** to "review[] the record to the extent required by ***Anders/McClendon***"); ***Commonwealth v. Goodenow***, 741 A.2d 783, 786 (Pa. Super. 1999) (holding counsel's inadequate recital of the procedural history of a case with references to the record in his ***Anders*** brief did not meet the technical requirements of ***Anders*** or evidence counsel's required review).

In circumstances where this Court has determined, based on our independent review, that an issue presented in an ***Anders*** brief is not, as asserted by withdrawing counsel, in fact frivolous, we have denied leave to withdraw and remanded for preparation of an advocate's brief **without** conducting further review for potential issues not included in the ***Anders*** brief. ***See***, ***e.g.***, ***Commonwealth v. Edwards***, 906 A.2d 1225, (Pa. Super. 2006). Thus, for this Court to review for all potential issues as part of our independent review of a motion to withdraw and ***Anders*** brief, where counsel has complied with the technical requirements, including demonstrating his or her complete review of the record, would result in disparate levels of review. A review by this Court for all potential issues renders the requirement of counsel to identify issues arguably supporting an appeal and the opportunity afforded to the appellant to raise issues *pro se* mere superfluities.

> Therefore, there are two purposes to be served by counsel's filing a brief that refers to anything in the record that might arguably support the appeal: (1) it

*(Footnote Continued Next Page)*

Instantly, we are satisfied that counsel has complied with the technical requirements of **Anders** and **Santiago**. Counsel carefully summarized the pertinent procedural history and made appropriate references to the record. He acknowledged his own review of the record, articulated one issue that could arguably support an appeal, but stated his conclusion that the appeal is nevertheless frivolous. Further, he set forth the reasons upon which he based that conclusion. Counsel has also complied with the notification requirements described in **Millisock**. Since receiving notice, Appellant has not filed any response. We therefore proceed with our independent review of the record and the issue presented on Appellant's behalf.

*(Footnote Continued)* ————————————

> gives the reviewing court a basis upon which to decide if the appeal is, in fact, frivolous, and (2) it gives indigent defendants "as nearly as is practicable" that which is guaranteed them under the Sixth and Fourteenth Amendments, the right to counsel (and, in the process, protects counsel from ineffectiveness allegations).

**Commonwealth v. Thomas**, 511 A.2d 200, 202-203 (Pa. Super. 1986). In **Thomas**, this Court, confronted with a deficient **Anders** brief and Commonwealth brief, concluded the following.

> The briefs filed in this case would force this Court to play three roles, not one: for appellant, we must search a cold record for issues that could arguably support this appeal, and then, without the benefit of the Commonwealth's advocacy, determine their merit. This we will not do.

**Id.** at 204. We agree with this conclusion.

- 8 -

In our inquiry, we are cognizant of the following standard of review. "[W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper." *Commonwealth v. Charleston*, 94 A.3d 1012, 1021 (Pa. Super. 2014) (citation omitted). "The trial court is free to use its own expressions as long as the concepts at issue are clearly and accurately presented to the jury." *Commonwealth v. Ballard*, 80 A.3d 380, 407 (Pa. 2013) (citation omitted), *cert. denied*, *Ballard v. Pennsylvania*, 134 S. Ct. 2842 (2014).

The error in the trial court's charge occurred during its general instruction to the jury, wherein it stated the following.

> [THE TRIAL COURT:]
>
> … In deliberating on your verdict you must not be influenced by anything outside of the evidence presented in this case and the law as given to you by the Court. Now the charge means simply – I'm going to paraphrase the charge for you. The charge simply means this. Each of you has to reach a decision yourself as to the **guilt or innocence** of the Defendant as to each of the charges. You have to reach the decision yourself. What the charge says is you have to come to your own decision with regard to **guilt or innocence** but only after careful consideration of what your fellow juror's [sic] thoughts are, okay? It goes on to say that after considering the thoughts of your fellow jurors you believe your opinion is erroneous, then you can change it, but that you shouldn't simply change it in order to reach a unanimous agreement. …

N.T., 2/21/13, at 87 (emphasis added).

At the conclusion of the charge, Appellant lodged the following objection at sidebar.

> THE COURT:
>
> On behalf of the defense, with regard to the Court's final charge, any objections, additions or deletions?
>
> [Defense Counsel]:
>
> One objection Your Honor, towards the end of your charge when you were talking about deliberations, you gave the jury a choice between guilt and innocence. And I don't think that's properly correct. I think it's either guilty or not guilty; but not a choice between guilt or innocence. And I believe you said it twice.
>
> THE COURT:
>
> Okay. I'm going to try to correct it. …
>
> [End side bar discussion]
>
> THE COURT:
>
> Ladies and gentlemen, during my comments to you I spoke about the guilt or innocence of the Defendant. That is not the criteria. The criteria is [sic] that you make a determination of whether you find the Defendant guilty or not guilty. Remember, the standard is that the Commonwealth must prove their case beyond a reasonable doubt. Okay? Not beyond all doubt; but beyond a reasonable doubt. So if I said – if I used the word innocent, that was improper of me. You make the determination of whether you find the Defendant guilty of each element of each of the crimes charged, or not guilty of each element of each of the crimes charged. …
>
> [Side bar discussion]
>
> THE COURT:

- 10 -

All right; [defense counsel], are you satisfied with the Court's cautionary instruction?

[DEFENSE COUNSEL]:

Yes, Your Honor.

THE COURT:

Okay. And objections, additions or deletions to the – about the balance of the charge?

[DEFENSE COUNSEL]:

No.

N.T., 2/21/13, at 92-94.

In his **Anders** brief, counsel concluded that this issue is waived because no objection was made to the trial court's curative instruction and no other relief was sought. **Anders** Brief at 8; **see also** Commonwealth Brief at 3-4. "The law is clear that in order to preserve a claim predicated on an allegedly erroneous jury instruction, a litigant must raise an objection before the jury retires to deliberate." **Commonwealth v. Sherwood**, 982 A.2d 483, 505 (Pa. 2009), *citing* Pa.R.Crim.P. 647(B) (providing, "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate").

Instantly, the trial court sustained Appellant's specific objection to its improper use of the term "innocence" in its charge, and Appellant accepted the trial court's curative instruction without further objection, expressing

- 11 -

satisfaction with the charge overall. Accordingly, we agree that Appellant has waived this issue. **See Sherwood**, **supra**. Furthermore, we conclude the trial court's corrective instruction adequately and accurately disabused the jury of any mistaken inference from the original instruction. Accordingly, we conclude Appellant suffered no prejudice from the trial court's original misstatement. **See Ballard**, **supra**.

As the sole issue raised on Appellant's behalf is waived, and otherwise can afford him no relief, we agree with counsel that the instant appeal is wholly frivolous. We therefore grant counsel's petition to withdraw and affirm the October 8, 2013 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judge Stabile concurs in the result.

Judge Donohue files a concurring memorandum in which Judge Stabile joins.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2014

- 12 -