J-S22036-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAUNDRA LEE DINGER, | : | |
| | : | |
| Appellant | : | No. 1784 WDA 2014 |

Appeal from the Judgment of Sentence Entered September 22, 2014,
in the Court of Common Pleas of Jefferson County,
Criminal Division, at No(s): CP-33-CR-0000445-2011 and
CP-35-CR-0000605-2012

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 15, 2015**

Saundra Lee Dinger (Appellant) appeals from a judgment of sentence entered after the trial court revoked her probation.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny counsel's petition to withdraw and remand with instructions.

We briefly summarize the background underlying this matter as follows.  The trial court revoked Appellant's probation and sentenced her. Appellant timely filed a post-sentence motion, which the trial court denied. Appellant timely filed a notice of appeal.  The trial court directed Appellant to

_____

*Retired Senior Judge assigned to the Superior Court.

comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement,[1] and the trial court subsequently filed an opinion in compliance with Pa.R.A.P. 1925(a).

Counsel then filed with this Court a petition to withdraw and an *Anders* brief. Thus, before we consider the substance of this appeal, we must address counsel's compliance with *Anders*.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

---

[1] Appellant's counsel failed to append the 1925(b) statement to the *Anders* brief, in violation of Pa.R.A.P. 2111(d).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of *Anders* as follows.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In his petition to withdraw, counsel asserts that Appellant believes the trial court abused its discretion in the manner in which it sentenced her. Counsel avers that he reviewed the record in this case and that the appeal is wholly frivolous. According to counsel, he served Appellant with a copy of the petition to withdraw, the *Anders* brief, and a letter informing Appellant that she may retain new counsel or raise any points worthy of this Court's attention. However, the certificate of service that counsel attached to the petition to withdraw does not reflect that counsel served Appellant with the petition.[2]

---

[2] In *Commonwealth v. Thomas*, 511 A.2d 200, 201 (Pa. Super. 1986), this Court suggested in a footnote that counsel simply could aver that counsel furnished the appellant with a copy of the *Anders* brief and petition to withdraw "by way of affidavit, certificate of service, or the petition for leave to withdraw." This statement constitutes *obiter dictum*. Even if the

Regarding the **Anders** brief, its "statement of the case" does not contain any citation to the record. Of particular concern is counsel's references to Appellant's **Gagnon I**[3, 4] hearing. A transcript of that hearing is not contained in the certified record. Furthermore, counsel does not adequately explain his reasons for concluding that the appeal is wholly frivolous.

Due to these deficiencies, we deny counsel's petition to withdraw without prejudice. We remand this case and direct counsel to file, within 30 days of the date of this memorandum, either an advocate's brief or a proper **Anders** brief and petition to withdraw. The Commonwealth shall have 30 days from the date that counsel files his brief in order to file a responsive brief.

Petition to withdraw as counsel denied. Case remanded with instructions. Panel jurisdiction retained.

---

statement were controlling law, we still would deny counsel's petition to withdraw due to the other deficiencies we highlight below.

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[4] "[T]he **Gagnon I** hearing is similar to the preliminary hearing afforded all offenders before a Common Pleas Court trial: the Commonwealth must show probable cause that the violation was committed." **Commonwealth v. Ferguson**, 761 A.2d 613, 617 (Pa. Super. 2000) (citation omitted)