J-A10024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARIESET GALARZA-RUIZ | |
| Appellant | No. 1857 MDA 2014 |

Appeal from the Judgment of Sentence September 30, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000864-2014
CP-36-CR-0000921-2014
CP-36-CR-0000867-2014
CP-36-CR-0000925-2014
CP-36-CR-0000926-2014
CP-36-CR-0000927-2014
CP-36-CR-0000929-2014
CP-36-CR-0000933-2014

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 15, 2015**

Appellant, Arieset Galarza-Ruiz, appeals from the September 30, 2014 judgment of sentence imposed following Appellant's guilty plea to ten counts of robbery, five counts of criminal conspiracy, and one count of burglary.[1] Contemporaneously with this appeal, Appellant's counsel has filed a petition

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, and 3502(a)(2), respectively.

to withdraw with this Court and an *Anders* brief.[2] After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

We summarize the relevant procedural background of this case as follows. On July 17, 2014, Appellant pled guilty to the aforementioned crimes, stemming from a break-in of a residence and several robberies of convenience stores and gas stations between October 2, 2013 and December 17, 2013.[3] N.T., 7/17/14, at 11-14. On September 30, 2014, the trial court sentenced Appellant to an aggregate term of 15 to 30 years'

---

[2] This case returns to us following our prior memorandum addressing Appellant's counsel's request to withdraw. *See Commonwealth v. Galarza-Ruiz*, --- A.3d ---, 1857 MDA 2014, (Pa.Super. 2015) (unpublished memorandum). Therein, we explained that counsel failed to comply with the procedure for seeking leave to withdraw on direct appeal as required by *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). *See id.* at 6-9. Accordingly, we directed Appellant's counsel to file an advocate's brief on Appellant's behalf or a proper *Anders* brief and request to withdraw. *See id.* at 8-9.

[3] Specifically, Appellant pled guilty to one count of robbery at docket number CP-36-CR-0000864-2014; four counts of robbery and two counts of conspiracy at docket number CP-36-CR-0000867-2014; one count of robbery at docket number CP-36-CR-0000921-2014; one count of robbery and one count of conspiracy at docket number CP-36-CR-0000925-2014; one count of burglary at CP-36-CR-0000926-2014; one count of robbery and one count of conspiracy at docket number CP-36-CR-0000927-2014; one count of robbery at docket number CP-36-CR-000929-2014; and one count of robbery and one count of conspiracy at docket number CP-36-CR-0000933-2014.

imprisonment plus restitution.[4]  On October 9, 2014, Appellant filed a *pro se* motion to modify his sentence.[5]  On October 16, 2014, the trial court ordered Appellant's counsel to file an amended motion to modify sentence on Appellant's behalf within 20 days.  Trial Court Order, 10/16/14.  On October 22, 2014, counsel complied and filed an amended post-sentence motion, and the trial court denied said motion on October 28, 2014.[6]

On November 4, 2014, Appellant filed a timely, counseled notice of appeal.[7]  Appellant's counsel advances the following question for this Court's review.

---

[4] The trial court imposed sentences of three and one-half to seven years' imprisonment on each robbery count, one to two years' imprisonment on each count of conspiracy, and one to two years' imprisonment for the burglary count.  N.T., 9/30/14, at 11-14.  The trial court detailed its structure of the sentence, *i.e.*, which sentences were to run consecutively and concurrently, at the sentencing hearing.  **See id**.

[5] "We have held that a criminal defendant's *pro se* actions have no legal effect while he or she remains represented by counsel." **Commonwealth v. Hall**, 476 A.2d 7, 9-10 (Pa. Super. 1984); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that a defendant's *pro se* filings while represented by counsel are legal nullities), *appeal denied*, 936 A.2d 40 (Pa. 2007).

[6] We deem the trial court's October 16, 2014 order to be equivalent to a grant of leave to file post-sentence motions *nunc pro tunc*.  Accordingly, we deem the October 22, 2014 post-sentence motion to be timely.

[7] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.  In its Rule 1925(a) opinion, the trial court informs this Court that in response to Appellant's stated issue in his 1925(b) statement, "[t]his [c]ourt has no issues to explain in a Pa.R.A.P. 1925(a) opinion."  Trial Court Opinion, 11/13/14.

Is the direct appeal frivolous where the only claim alleges plea counsel provided ineffective assistance by giving Appellant the "understanding" that he would receive a more lenient sentence than the court ultimately imposed?

*Anders* Brief at 4.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted).

In *Anders*, the United States Supreme Court discussed the obligation of appointed counsel to an indigent client during direct appeal with respect to crafting a balance between counsel's role as advocate and counsel's conclusion that any issue raised on direct appeal would be wholly frivolous.

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate [o]n behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers does not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as an advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.

*Anders*, *supra* at 745. In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court delineated the requirements of an *Anders* brief which accompanies appointed-counsel's request to withdraw.

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Further,

"this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).[8]

In the instant case, we conclude that counsel's **Anders** brief substantially complies with the requirements of **Santiago**. First, counsel

_____

[8] Speaking for myself only, I disagree with **Flowers**' interpretation of case law to impose a duty on this Court, when reviewing an **Anders** brief, to comb the record for issues of arguable merit that counsel did not raise. **See Commonwealth v. King**, 57 A.3d 607, 633 n.1 (Pa. 2012) (Saylor, J., concurring) (discussing the precedent for a special concurrence by the author of the majority opinion); **Flowers**, **supra**.

In introducing this Court's duty of independent review, the majority in **Flowers** acknowledged, "[n]either the Pennsylvania Supreme Court nor an en banc panel of this Court has explicitly discussed this issue." **Flowers**, **supra**. I agree with Judge Strassburger's dissent in **Flowers**, explaining that our Supreme Court's decisions do not require this approach. **Id.** at 1251-1252 (Strassburger, J., dissenting). Further, this approach causes disparate treatment of criminal defendants, with this Court acting as appellate counsel when counsel seeks to withdraw, but not when counsel does not seek to withdraw. **Id.** at 1252 (Strassburger, J., dissenting); **see also Commonwealth v. Koehler**, 914 A.2d 427, 438 (Pa. Super. 2006) (explaining "it is not this Court's duty to become an advocate for an appellant and comb through the record to assure the absence of trial court error[]"), *appeal denied*, 961 A.2d 858 (Pa. 2008). Moreover, a review by this Court for all potential issues renders the requirement of counsel to identify issues arguably supporting an appeal and the opportunity afforded to the appellant to raise issues *pro se* mere superfluities. **See Commonwealth v. Thomas**, 511 A.2d 200, 204 (Pa. Super. 1986). For these reasons, I disagree with **Flowers**. However, we are constrained to apply it. **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) (noting that a panel of this Court cannot overrule a prior decision of this Court), *appeal denied*, 946 A.2d 686 (Pa. 2008), *cert. denied*, 555 U.S. 881 (2008).

has provided a summary of the case with citations to the record. Second, counsel refers to portions of the record that could arguably support an appeal and explains why any issue raised would be frivolous. Third, counsel has "conclude[d] that there are no non-frivolous claims to advance on direct appeal." *Anders* Brief at 4. Lastly, counsel has included his reasons that support his conclusion that the appeal is frivolous. Counsel has also attached to his petition to withdraw proof of his compliance with the requirements of *Millisock*. Specifically, counsel advised his client that he has concluded that the appeal is frivolous, that Appellant has the right to hire a new attorney, to proceed *pro se*, or to raise any additional points for this Court's consideration. *See* Motion to Withdraw, 7/14/15, at 2. Appellant has not taken any action in this Court in response to said advice. Accordingly, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In his only issue, counsel sets forth Appellant's claim of whether his stewardship while representing Appellant at sentencing was ineffective for "giving Appellant the 'understanding' that he would receive a more lenient sentence." *Anders* Brief at 4. Counsel avers that this issue should not be addressed by this Court at this time, as claims of ineffective assistance of counsel should be raised in a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. *Anders* Brief at 14. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court

discussed the appropriateness of raising claims of ineffectiveness of counsel on direct appeal and held, absent certain extraordinary circumstances not relevant to the instant appeal, "claims of ineffectiveness of counsel are to be deferred to PCRA review[.]" **Holmes**, **supra** at 576. Therefore, we agree with counsel that this issue is not properly before this Court.[9]

Based on the foregoing, we agree with counsel that the appeal is frivolous. Further, after conducting an independent review of the record, we conclude there are no additional, non-frivolous issues overlooked by counsel. **Flowers**, **supra** at 1250. Accordingly, we affirm the September 30, 2014 judgment of sentence, and we grant counsel's request to withdraw.[10]

Judgment of sentence affirmed. Petition to withdraw granted.

---

[9] To the extent the issue identified by counsel could be construed to challenge the voluntariness of his guilty plea, we note "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Lincoln**, **supra** at 609-610, *citing* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). The "[f]ailure to employ either of these measures results in waiver." **Id.** at 610 (citation omitted).

Instantly, our review of the record reveals that no objection was made at sentencing to the voluntariness of the plea. **See generally** N.T., 7/17/14, at 2-15. Likewise, in his counseled post-sentence motion, Appellant sought reduction of his sentence, but he did not seek to withdraw his plea. Amended Post-Sentence Motion, 10/22/14, at 1-2. Therefore, any such challenge is waived and thus, frivolous. **See Lincoln**, **supra** at 610; **Commonwealth v. Hankerson**, --- A.2d ---, 2015 WL 3549969, at *4 (Pa. Super. 2015) (agreeing with counsel who had filed an **Anders** brief that an issue not raised in lower court, and therefore waived, is frivolous).

[10] Our disposition of Appellant's direct appeal does not affect his ability to pursue his ineffectiveness claim by filing a PCRA petition.

Judge Jenkins joins the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2015