J-S67025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY CUNNINGHAM | |
| Appellant | No. 566 WDA 2014 |

Appeal from the Judgment of Sentence March 17, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002290-2013

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED FEBRUARY 20, 2015**

Appellant, Timothy Cunningham, appeals from the March 17, 2014 aggregate judgment of sentence of 42 to 84 months' imprisonment, with credit for time served, imposed after a jury found him guilty of robbery, terroristic threats, burglary, recklessly endangering another person (REAP), and harassment.[1] Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with ***Anders v. California***, 386

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2706(a)(1), 3502(a)(1), 2705, and 2709(a)(1), respectively.

U.S. 738 (1967), and its progeny. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.[2]

The relevant factual and procedural background of this case, as gleaned from the certified record, follows. Between approximately 12:30 a.m. and 1:00 a.m. on June 15, 2013, Appellant pushed his neighbor, Sandra Dombrowiak, into her residence as she was attempting to leave. N.T., 11/21/13, at 16. Appellant held a knife to Dombrowiak's throat and pushed her farther into the home. At the time, Dombrowiak was on the phone with her ex-husband. *Id.* at 17. Appellant took her phone and threw it out of reach. *Id.* Appellant demanded money, and Dombrowiak gave him $20.00 from her purse, at which point Appellant left and walked across the street into his home. *Id.*

Appellant was charged with the aforementioned offenses as well as one count of aggravated assault.[3] A one-day jury trial was held on January 21, 2014. At the conclusion of the trial, the trial court granted counsel for Appellant's oral motion for judgment of acquittal on the aggravated assault charge, and the jury found Appellant guilty of all other offenses. Thereafter, on March 17, 2014, the trial court sentenced Appellant, and on March 21, 2014, the trial court modified Appellant's sentence, in response to

---

[2] We note that the Commonwealth has elected not to file a brief in this matter.

[3] 18 Pa.C.S.A. 2702(a)(1).

J-S67025-14

Appellant's timely motion to reconsider.[4] On April 8, 2014, a timely notice of appeal was filed.[5]

In her **Anders** brief, counsel raises the following issue on Appellant's behalf.

> Whether there was insufficient evidence to convict Appellant of robbery and burglary?

**Anders** Brief at 3.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super.

_____

[4] The trial court originally sentenced Appellant to 48 to 96 months' imprisonment on the robbery charge, which merged with terroristic threats. The trial court sentenced Appellant to 42 to 84 months' imprisonment on the burglary charge and six to twenty four months' imprisonment on the REAP charge both to run concurrent to the sentence on the burglary charge. No imprisonment was imposed on the harassment charge. **See** Sentencing Order, 3/17/14. Appellant filed a motion to reconsider sentencing on March 20, 2014. The trial court granted Appellant's motion and reduced Appellant's sentence to 42 to 84 months' imprisonment on the burglary charge, with no other modifications to the sentence. **See** Trial Court Order, 3/21/14.

[5] The trial court did not order Appellant to file a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). However, contemporaneously with filing the notice of appeal in this case, though not required to do so, counsel for Appellant filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4) (providing, in part, "[in] a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders**/**McClendon** brief in lieu of filing a Statement [of matters complained of on appeal])." Thereafter, the trial court filed a Memorandum Opinion in which it declared, in light of counsel's notice to file an **Anders** brief, that it will file no further opinion. **See** Trial Court Opinion, 4/17/14.

- 3 -

2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Counsel's **Anders** brief must comply with the following requisites.

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005) and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

- 4 -

*Id.* "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).[6]

---

[6] In her concurring memorandum, Judge Donohue aptly highlights what we perceive as a persistent conflict in this Court, when confronted with a counsel's motion to withdraw and *Anders* brief, over the proper scope of our independent review to determine if the appeal is wholly frivolous. While the *en banc* cases cited in the concurring memorandum, *Goodwin*, and *Commonwealth v. James*, 46 A.3d 776, 778 (Pa. Super. 2012), indicate this Court has conducted independent reviews for "non-frivolous issues that could be raised," the propriety of doing so was not at issue in those cases. Therefore, any suggestion that this Court is required to engage in such review is merely dicta. We deem any precedential value to be limited. The concurring memorandum also asserts the holding of this Court's recent decision in *Harden* requires this Court to undertake an independent review of the record for any potential meritorious issues. However, like the aforementioned *en banc* cases that suggest such an approach, the issue in the *Harden* decision did not involve the proper scope of review. Therefore, the proposition is merely dicta, and adherence to that procedure is not required.

Rather, we harbor the view that the proper procedure to follow, upon presentation of a technically compliant motion to withdraw and *Anders* brief, is that expressed by Judge Klein in *Commonwealth v. Baney*, 860 A.2d 127, 129 (Pa. Super. 2004) (lead opinion), *appeal denied*, 877 A.2d 459 (Pa. 2005).

> [T]he following is the appropriate procedure:
>
> 1. The Superior Court should initially consider only the *Anders* brief to determine whether the issues are in fact wholly frivolous.

*(Footnote Continued Next Page)*

*(Footnote Continued)* _____

2. If the Court determines that the issues are not wholly frivolous, it should grant relief accordingly.

3. If it finds the issues in the **Anders** brief to be wholly frivolous, the Court should determine whether the defendant has been given a reasonable amount of time to either file a *pro se* brief or obtain new counsel.

4. When a reasonable amount of time has passed and no *pro se* or counseled brief has been filed, the Court should dismiss the appeal as wholly frivolous pursuant to its initial determination and affirm the decision of the trial court.

5. When a *pro se* or counseled brief has been filed within a reasonable amount of time, however, the Court should then consider the merits of the issues contained therein and rule upon them accordingly.

*Id.* (citation omitted). We recognize the limited precedential value of **Baney**, where Judge Johnson concurred, reserving judgment on this portion of Judge Klein's lead opinion, and Judge Popovitch concurred in the result. We cite it as a clear articulation of what we deem to be the correct scope of our independent review dictated by **Anders**. **See also Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007) (noting, "when conducting an **Anders** review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief"), *appeal denied*, 936 A.2d 40 (Pa. 2007).

In revising counsel's duties in preparation of an **Anders** brief, previously defined in **Commonwealth v. McClendon**, 434 A.2d 1145 (Pa. 1981), our Supreme Court appeared to endorse this approach, albeit in dicta.

[I]n Pennsylvania, when counsel meets his or her obligations [under **Anders**], "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an

*(Footnote Continued Next Page)*

*(Footnote Continued)* _____

independent judgment to decide whether the appeal is in fact wholly frivolous." ***McClendon***, 434 A.2d at 1187. ***Compare with*** [***United States v.***]***Youla***, 241 F.3d [300,] 300-01 [(3d Cir. 2001)] (citing ***United States v. Wagner***, 103 F.3d 551, 552-53 (7th Cir. 1996) (explaining that where counsel's brief appears adequate on its face, **court confines its scrutiny on question of frivolity to those issues and portions of record identified by brief and, if filed, appellant's *pro se* brief**)).

***Santiago***, ***supra*** at 355 n.5 (Pa. 2009) (emphasis added).

We believe the rationale for this procedure is sound. Certainly, this Court has never reviewed the record in cases where an advocate's brief is filed to look for issues that might have been raised, excepting issues we may raise *sua sponte*. While the concerns expressed in ***Anders*** are addressed to vindicate a defendant's right to counsel, those concerns are met by our review of the technical requirements of ***Anders***, including the requirement that counsel demonstrate his or her thorough review of the record and make reference to any issues that could arguably support an appeal. Thus, we have found inadequate ***Anders*** briefs that failed to meet this requirement. ***See Commonwealth v. Vilsaint***, 893 A.2d 753, 758 (Pa. Super. 2006) (holding counsel's failure to secure all transcripts precluded compliance with his obligation under ***Anders*** to "review[] the record to the extent required by ***Anders/McClendon***"); ***Commonwealth v. Goodenow***, 741 A.2d 783, 786 (Pa. Super. 1999) (holding counsel's inadequate recital of the procedural history of a case with references to the record in his ***Anders*** brief did not meet the technical requirements of ***Anders*** or evidence counsel's required review).

In circumstances where this Court has determined, based on our independent review, that an issue presented in an ***Anders*** brief is not, as asserted by withdrawing counsel, in fact frivolous, we have denied leave to withdraw and remanded for preparation of an advocate's brief **without** conducting further review for potential issues not included in the ***Anders*** brief. ***See***, ***e.g.***, ***Commonwealth v. Edwards***, 906 A.2d 1225, (Pa. Super. 2006). Thus, for this Court to review for all potential issues as part of our independent review of a motion to withdraw and ***Anders*** brief, where counsel has complied with the technical requirements, including demonstrating his or her complete review of the record, would result in

*(Footnote Continued Next Page)*

Instantly, we conclude Appellant's counsel has satisfied the technical requirements of **Anders** and **Santiago**. Counsel has identified the pertinent factual and procedural history and made citation to the record. She has raised one issue that could arguably support an appeal, but she has concluded that, upon her review of the record, the issue is without merit.

_(Footnote Continued)_ ────────

disparate levels of review. A review by this Court for all potential issues renders the requirement of counsel to identify issues arguably supporting an appeal and the opportunity afforded to the appellant to raise issues _pro se_ mere superfluities.

> Therefore, there are two purposes to be served by counsel's filing a brief that refers to anything in the record that might arguably support the appeal: (1) it gives the reviewing court a basis upon which to decide if the appeal is, in fact, frivolous, and (2) it gives indigent defendants "as nearly as is practicable" that which is guaranteed them under the Sixth and Fourteenth Amendments, the right to counsel (and, in the process, protects counsel from ineffectiveness allegations).

**Commonwealth v. Thomas**, 511 A.2d 200, 202-203 (Pa. Super. 1986). In **Thomas**, this Court, confronted with a deficient **Anders** brief and Commonwealth brief, concluded the following.

> The briefs filed in this case would force this Court to play three roles, not one: for appellant, we must search a cold record for issues that could arguably support this appeal, and then, without the benefit of the Commonwealth's advocacy, determine their merit. This we will not do.

**Id.** at 204. We agree with this conclusion.

She further analyzed the statutes under which Appellant was convicted and articulates her reasons why she has concluded the appeal is wholly frivolous. Counsel has attached to her brief a letter to Appellant, which meets the notice requirements of *Millisock*. We therefore, proceed to our independent review to determine if the Commonwealth presented sufficient evidence to prove Appellant committed robbery and burglary, beyond a reasonable doubt.[7]

We begin by noting our well-settled standard of review.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

---

[7] Appellant has not responded to counsel's petition to withdraw.

*Harden*, *supra* at 111 (citation omitted). Further, "the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Id.* (citation omitted).

Guided by these principles, we turn to the issue raised in counsel's *Anders* brief. The statutes relevant to this appeal provide as follows.

**§ 3701. Robbery**

**(a) Offense defined.**—

> (1) A person is guilty of robbery if, in the course of committing a theft, he
>
> …
>
> > (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]
>
> …

18 Pa.C.S.A. § 3701(a)(1)(ii).

**§ 3502. Burglary**

**(a) Offense defined.**—A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

> (1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodation in which at the time of the offense any person is present[.]
>
> …

*Id.* § 3502(a)(1)

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, we conclude there was ample evidence to support Appellant's convictions for robbery and burglary. At trial, the jury heard testimony from three witnesses. ***See generally*** N.T., 1/21/14, at 12-62. The defense did not present any witnesses. The first witness, James Nash, testified that he was on the phone with Dombrowiak at approximately 1:00 a.m. on June 15, 2013. ***Id.*** at 13. Nash testified to what occurred during that phone conversation. "We were talking, you know. … [S]he start[ed] saying, 'what do you want?' And then she said, 'Oh my God, he's got a knife.'" ***Id.*** at 14. He also testified he heard a man's voice in the background. ***Id.***

Dombrowiak testified that when Appellant approached her, she was in her home, Appellant had a knife in his hand, and he grabbed her by the wrist. ***Id.*** at 17, 19. She also testified that Appellant held the knife to her throat and demanded,"[g]ive me your money. Give me your money." ***Id.*** at 17, 29-30. "[H]e forced me back out into the kitchen/laundry area, and my purse was there. And I reached up, I grabbed twenty dollars and I said, '[h]ere and get out of here.' He left. He went right across the street into his home and then shut the door." ***Id.*** at 17. She identified Appellant in the courtroom as the person who entered her home that evening and testified that at the time of his entry, her home was well-lit, and she had seen Appellant previously. ***Id.*** at 18, 20.

Finally, Trooper Jeffery Vincent testified that he responded to the incident and that Dombrowiak provided a description of her assailant and identified that the assailant was Appellant, her neighbor. *Id.* at 41-42.

Based on the foregoing, we conclude there was sufficient evidence adduced at trial for the jury to find every element of the challenged offenses beyond a reasonable doubt. *See Harden*, *supra* at 111. The cumulative effect of the testimony of the three Commonwealth witnesses established Appellant held a knife to Dombrowiak's neck in the course of demanding money from her. The jury was free to pass upon the credibility of the witnesses and believe Appellant was the person who entered her home on the morning of June 15, 2013. *See id*. Moreover, this Court has previously held that a positive identification by one eyewitness is satisfactory to overcome a challenge to the sufficiency of the Commonwealth's proof of identity. *See Commonwealth v. Patterson*, 940 A.2d 493, 502 (Pa. Super. 2007) (concluding the evidence was sufficient where "the complainant testified positively and without qualification that [the defendant] perpetrated the offenses[]"), *appeal denied*, 960 A.2d 838 (Pa. 2008), *citing Commonwealth v. Wilder*, 393 A.2d 927, 928 (Pa. Super. 1978). Further "[t]he law of this Commonwealth defines serious bodily injury as 'bodily injury which creates a substantial risk of death or which causes disfigurement or protracted loss or impairment of the function of any bodily member or organ." *Commonwealth v. Kubis*, 978 A.2d 391, 398 (Pa.

Super. 2009) (citation omitted). It is also true in this Commonwealth that, "section 3701(a)[1](ii) … may be satisfied if the defendant intentionally puts another in fear of immediate serious bodily injury." *Id.* When this Court determines whether a victim was in fear of serious bodily harm, we apply an objective standard. *See id.* Therefore, we conclude Appellant's placement of a knife on the throat of Dombrowiak was sufficient to prove Appellant intended to place her in imminent fear of serious bodily harm in the course of committing a theft. *See id.*; 18 Pa.C.S.A § 3701(a)(1)(ii).

As noted, the Commonwealth may meet its burden by means of wholly circumstantial evidence, and the jury was free to determine, from the combined circumstances, that Appellant's forcible entry into the occupied home of another with a knife evidenced his intent to commit a crime therein. *See Harden*, *supra* at 111; 18 Pa.C.S.A § 3502(a)(1).

Accordingly, we agree with counsel that this appeal is without merit, and the Commonwealth produced sufficient evidence for the jury to find that Appellant committed the crimes of robbery and burglary, beyond a reasonable doubt. As a result, we agree with counsel's assessment that this appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the March 17, 2013 judgment of sentence.

Petition granted. Judgment of sentence affirmed.

Judge Donohue files a concurring memorandum in which Justice Fitzgerald joins.

Justice Fitzgerald concurs in the result of the memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015