674 A.2d 1138

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Edward HERON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 18, 1996.

Filed April 23, 1996.

</div>

Lisa M. Andrejko, Public Defender, Montrose, for appellant.

Jeffrey B. Snyder, District Attorney, Montrose, for Commonwealth, appellee.

Before BECK, TAMILIA, and POPOVICH, JJ.

TAMILIA, Judge:

Joseph Heron, a juvenile, appeals from the Order of Disposition entered on June 1, 1995 following an adjudication of delinquency after appellant was convicted of rape,[1] involuntary deviate sexual intercourse,[2] aggravated indecent assault [3] and indecent assault.[4]   Pursuant to the Order, appellant was placed under the "intensive supervision of the Susquehanna County Juvenile Probation Department" subject to the following terms and conditions: 1) appellant shall have no contact with children under the age of 14 years old without appropriate adult supervision; 2) appellant shall have no contact with the victim or her family; 3) appellant shall be responsible for making restitution for counseling to the victim; 4) appellant's parents shall also be responsible for restitution; 5) appellant shall be responsible for court costs relating to this matter; 6) appellant shall receive individual and family counseling; 7) appellant shall complete 25 hours of community service; and 8) appellant shall not miss more than three days of school for

1.   18 Pa.C.S. § 3121.
2.   *Id.*, § 3123.
3.   *Id.*, § 3125.
4.   *Id.*, § 3126.

the remaining (1995–1996) school year. *See* Order, 6/1/95. In addition to the appeal, we have before us a petition for leave to withdraw as counsel filed by appellant's counsel, Lisa M. Andrejko, which must be decided prior to review of the appeal on its merits.

Appellant's counsel seeks to withdraw from this appeal pursuant to *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), and its federal precursor *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In order to satisfy the requirements of *McClendon* and *Anders*, counsel must: 1) petition the court for leave to withdraw stating that after making a conscientious examination of the record counsel has determined the appeal would be wholly frivolous; 2) notify appellant of the request to withdraw; 3) furnish appellant with a copy of the brief prepared by counsel; and 4) advise appellant of his right to retain new counsel, proceed pro se or raise any additional points that he may deem worthy of consideration. This Court must then conduct its own review of proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous. *McClendon, supra* at 470–72, 434 A.2d at 1187; *see also Commonwealth v. Torres*, 428 Pa.Super. 283, 630 A.2d 1250 (1993) (en banc).

On January 26, 1996, counsel filed a petition with this Court averring that her review of the record "demonstrates the absence of any meritorious appellate issues." Also, the petition avers that "Counsel has communicated with appellant and attempted to explain the absence of any meritorious appellate issues." Finally, the petition avers that "Counsel has sent to appellant a copy of the instant petition, a copy of the brief filed in this case, and a letter ... explaining the defendant's right to forward any additional arguments and/or to retain new counsel to represent him."

Based upon our examination of the record, we find that counsel has failed to comply with the requirements of *Anders*, *McClendon* and their progeny. First, Attorney Andrejko has failed to assert, either in her petition or brief, that appellant's

claims on appeal are wholly frivolous. Instead, Attorney Andrejko states only that her review of the record "demonstrates the absence of any meritorious appellate issues" and therefore "she is unable to raise any argument which would permit this Court to grant either a new trial or an arrest of judgment." (Appellant's brief at 9.) Our law is crystal clear "that lack of merit in an appeal is not the legal equivalent of frivolity." *McClendon, supra* at 471, 434 A.2d at 1187; *Commonwealth v. Greer,* 455 Pa. 106, 108, 314 A.2d 513, 514 (1974). As stated in both *McClendon* and *Greer:*

> *Anders* appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.

*McClendon, supra, citing Greer, supra* at 108–109, 314 A.2d at 514.

It is only after *all* of the requirements attendant to counsel's request to withdraw are met that a reviewing court will make a full examination of the proceedings and render an independent judgment of whether the appeal is in fact "wholly frivolous". *Commonwealth v. Kennedy,* 417 Pa.Super. 154, 157–59, 611 A.2d 1312, 1314 (1992).

Secondly, counsel's letter "explaining [appellant's] right to forward any additional arguments and/or to retain new counsel to represent him", Petition to Withdraw as Counsel at 2, does not specifically advise appellant of his right to proceed pro se, as required by *Anders, McClendon* and their progeny.

Finally, we note that counsel's letter was addressed to appellant's parents. While our courts have not addressed the question of whom should receive the notice required by *Anders* and *McClendon* in a case involving a juvenile, we find an analogous provision in the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.* Section 6355 of the Act, Transfer to criminal proceedings, regarding notice of a criminal hearing following transfer from juvenile court, provides:

> (3) Notice in writing of the time, place and purpose of the hearing is [to be] given to the child and his parents....

*Id.,* § 6355(a)(3) (emphasis added); *see also Com. ex rel. Freeman v. Superintendent of State Correctional Institution at Camp Hill,* 212 Pa.Super. 422, 429, 242 A.2d 903, 907 (1968) (regarding notice of delinquency hearing, "[d]ue process require[s] . . . that notice of the charges be given to the juvenile *and* to his parents") (emphasis added).

We find the requirement of the Juvenile Act that notice be given to a juvenile and his/her parents applicable to *Anders* cases involving juveniles.

Hence, in addition to filing an amended petition alleging frivolity, counsel on remand must notify *both* appellant and his parents of the request to withdraw, appellant's right to retain new counsel *or proceed pro se,* and his right to raise any points he deems worthy of consideration. *McClendon, supra* at 470–72, 434 A.2d at 1187. Counsel is directed to file within thirty (30) days an amended petition for leave to withdraw complying in all respects with the requirements of *Anders.*

Case remanded for proceedings consistent with this Opinion.

Jurisdiction retained.