J-S67034-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

IN THE INTEREST OF: T.C., A MINOR   :     IN THE SUPERIOR COURT OF
                     :          PENNSYLVANIA
                     :
                     :
APPEAL OF: T.C.            :     No. 1404 EDA 2018

Appeal from the Dispositional Order April 10, 2018
in the Court of Common Pleas of Delaware County
Juvenile Division at No(s): CP-23-JV-0000792-2017

BEFORE:   OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:   **FILED JANUARY 17, 2019**

T.C. (Appellant) appeals from the dispositional order entered on April 10, 2018, following his adjudication of delinquency for burglary and related offenses. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We remand with instructions.

On June 24, 2017, Officer Brady McHale responded to a call for a reported theft at a concession stand, known as the Snack Shack, located inside the facilities at a local ballpark in Radnor Township. N.T., 4/10/2018, at 9. Officer McHale investigated the bathroom adjacent to the Snack Shack and observed damage to a handrail and ceiling tile in the handicapped stall, as well as debris on the ground, indicating that someone had climbed through the ceiling in the bathroom to enter the Snack Shack. ***Id.*** at 9-11.

_____

*Retired Senior Judge assigned to the Superior Court.

A surveillance camera located inside the Snack Shack recorded the theft.[1]

*Id.* at 11. Upon watching the footage, Officer McHale immediately recognized 15-year-old Appellant. *Id.* a 14-15. Specifically, he testified to his observations of the video recording as follows.

> [Appellant] enters from the ceiling area, opens up his backpack, [opens a refrigerator], and takes some sodas, then proceed[s] over to [] boxes, which are a variety of candy and chips and typical concession-stand-type food, places them into the backpack, returns the backpack to an unknown person and/or persons [in the ceiling] … and then returns back up with the assistance of a hand.

*Id.* at 13-14. As part of his investigation, Officer McHale executed a search warrant at Appellant's home, recovering from within a pellet gun. *Id.* at 16.

Based upon the foregoing, the Commonwealth filed a juvenile petition charging Appellant with burglary, receiving stolen property, theft by unlawful taking, criminal mischief, and unlawful possession of a pellet gun. At the adjudicatory hearing on April 10, 2018, the juvenile court heard testimony from Officer McHale, Appellant, and an alibi witness, and viewed the Snack Shack surveillance video recording and photographs of the damage in the

---

[1] The video recording was not included as part of the certified record on appeal. *See Commonwealth v. Bongiorno*, 905 A.2d 998, 1000-01 (Pa. Super. 2006) ("[T]he ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts."). *See also Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 (Pa. Super. 2016) (finding claim waived where review of issue raised was dependent upon materials not included in the certified record). In light of our disposition, we direct counsel on remand to ensure that this video recording is included in the certified record.

bathroom. At the conclusion of the hearing, the court found the testimony of Officer McHale credible, Appellant's alibi defense incredible, and determined that Appellant had committed the aforementioned delinquent acts. *Id.* at 33. Additionally, at the recommendation of Juvenile Probation and without objection from Appellant, the court found Appellant in need of treatment, supervision, and rehabilitation. *See* N.T., 4/10/2018, at 34-36. Therefore, the court issued a dispositional order that same day, placing Appellant on probation and scheduling a dispositional review hearing for October 3, 2018. Adjudicatory/Dispositional Review Order – Amended, 4/10/2018.[2]

---

[2] The Commonwealth argues that this order was not a final, appealable order, and therefore this appeal is premature. Commonwealth's Brief at 1, 6. "In juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition, entered after the juvenile is adjudicated delinquent." *Commonwealth v. S.F.*, 912 A.2d 887, 889 (Pa. Super. 2006) (unnecessary capitalization omitted). Before entering an adjudication of delinquency, "the Juvenile Act requires a juvenile court to find that a child has committed a delinquent act **and** that the child is in need of treatment, supervision, or rehabilitation." *Commonwealth v. M.W.*, 39 A.3d 958, 964 (Pa. 2012) (emphasis in original). "If the court determines the juvenile is in need of treatment, supervision, or rehabilitation, the court shall enter an order adjudicating the juvenile delinquent and proceed in determining a proper disposition[.]" *In Interest of N.C.*, 171 A.3d 275, 280–81 (Pa. Super. 2017) (quoting Pa.R.J.C.P. 409(2)(a)). Here, at the April 10, 2018 hearing, the juvenile court found Appellant to have committed delinquent acts **and** determined that Appellant was in need of treatment, supervision, and rehabilitation. It then entered a disposition as discussed *supra*. Thus, the dispositional order was a final, appealable order entered after Appellant was adjudicated delinquent. Accordingly, this appeal is properly before us.

This timely appeal followed.[3]  In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel.  Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.  If the appeal is frivolous, we will grant the withdrawal petition and affirm …. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).  Our Supreme Court has clarified portions of the **Anders** procedure as follows.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a

---

[3] The juvenile court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The juvenile court complied with Pa.R.A.P. 1925(a).

> summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Additionally, counsel seeking to withdraw from an appeal in a juvenile delinquency proceeding must provide notice of that request to both the juvenile and the juvenile's parents. ***See Commonwealth v. Heron***, 674 A.2d 1138, 1140 (Pa. Super. 1996) ("We find the requirement of the Juvenile Act that notice be given to a juvenile and his/her parents applicable to *Anders* cases involving juveniles.").

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has failed to comply with the technical requirements set forth above. Specifically, counsel failed to provide notice to Appellant's parents of counsel's request to withdraw as counsel on appeal. *See* Application to Withdraw Appearance, 9/26/2018 (providing certificate of service solely to Appellant and the Commonwealth). Additionally, the record is incomplete because counsel failed to ensure the inclusion of the video recording, which was essential evidence at trial, in the certified record.

Accordingly, we remand. As in *Heron*, on remand, counsel "must notify **both** [A]ppellant and his parents of the request to withdraw,

[A]ppellant's right to retain new counsel or proceed *pro se,* and his right to raise any points he deems worthy of consideration. Counsel is directed to file within thirty (30) days an amended petition for leave to withdraw complying in all respects with the requirements [set forth above]." 674 A.2d at 1140 (emphasis in original; citation omitted).

Remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/17/19