J-S45012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.M.T., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 796 MDA 2023 |

Appeal from the Dispositional Order Entered May 26, 2023
In the Court of Common Pleas of Berks County Juvenile Division at
No(s):  CP-06-JV-0000204-2022

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 12, 2024**

C.M.T. appeals from the dispositional order entered following his delinquency adjudication for criminal mischief.  In this Court, Appellant's counsel, Deborah L. B. Brown, Esquire, has filed a petition to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the dispositional order and grant counsel's application to withdraw.

Several groups of boys, ranging in age from thirteen to sixteen, went to a park in Blandon, Pennsylvania after school on March 17, 2022.  Some played basketball, while others fished in a creek that was approximately ten feet away from the basketball court's fence.  S.B. and A.S., two fourteen-year-old boys who had placed their smartphones on a bench while they played basketball, left for ten to fifteen minutes to jump on a trampoline at a nearby house.

_____

[*] Former Justice specially assigned to the Superior Court.

While they were away, Appellant arrived at the park on his scooter, inquired whose phones were on the bench, and, hearing no response from the boys who were still playing basketball, smashed the phones on the court and with his scooter. He then threw one of the phones over the fence into the creek. When immediately questioned by the boys, who knew Appellant either from school or around the neighborhood, why he had destroyed the phones, he denied having done it.

On July 25, 2022, the Commonwealth filed a delinquency petition charging Appellant with criminal mischief. A hearing was held at which seven of the teenagers testified against Appellant, the adults who purchased the phones for S.B. and A.S. attested to the value of the destroyed phones, and Appellant's father and grandmother offered alibi testimony. Based upon this evidence, the juvenile court adjudicated Appellant delinquent for two instances of criminal mischief—damage to property, and deferred disposition. On May 26, 2023, the court entered a dispositional order providing for probation and payment of restitution, a fine, and costs.

Appellant filed a post-dispositional motion raising a claim that the adjudication was against the weight of the evidence.[1] This timely appeal followed the summary denial of that motion. The juvenile court directed

---

[1] The dispositional order was dated May 4, 2023, but was not entered on the docket until May 26, 2023. Hence, Appellant's May 18, 2023 post-dispositional motion is timely.

- 2 -

Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant's counsel responded with a statement of intent to withdraw pursuant to **Anders** as provided by Pa.R.A.P. 1925(c)(4). The juvenile court then filed a Pa.R.A.P. 1925(a) statement indicating that it would provide no opinion in light of counsel's representation that there were no meritorious issues to raise on appeal.

As noted above, in this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. The following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.[2]
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on [the a]ppellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

---

[2] Service of the petition and brief in juvenile cases must be made upon both the juvenile and his parents or guardians. **See Commonwealth v. Heron**, 674 A.2d 1138, 1140 (Pa.Super. 1996). Noting no indication that counsel had served Appellant's parents, this Court directed counsel to do so by order of January 12, 2024. Counsel complied that same day.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).

> Our Supreme Court further detailed counsel's duties as follows:
>
> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Our examination of counsel's petition to withdraw and *Anders* brief reveals that counsel has complied with the technical requirements set forth above. As required by *Santiago*, counsel set forth the case history, referred to two issues that arguably support the appeal, stated her conclusion that the appeal is frivolous, and cited case law supporting that conclusion. *See Anders* brief at 5-10. Further, counsel supplied her brief to Appellant and his parents and advised them of his right to hire new counsel or proceed *pro se* in this Court.[3] Hence, we proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

_____

[3] Neither Appellant nor his parents filed a response to counsel's petition.

Counsel has indicated that Appellant desired to litigate two issues in this appeal, namely whether the delinquency adjudication was (1) founded upon sufficient evidence and (2) against the weight of the evidence. *See Anders* brief at 5.

We first consider the sufficiency of the evidence to sustain Appellant's adjudication, mindful of the following principles:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*In Interest of P.S.*, 158 A.3d 643, 650 (Pa.Super. 2017) (cleaned up).

At issue in this appeal is the sufficiency of the evidence to establish the elements of criminal mischief, graded as a third-degree misdemeanor. The Crimes Code defines that offense as follows in pertinent part: "A person is guilty of criminal mischief if he . . . intentionally damages real or personal

property of another[.]" 18 Pa.C.S. § 3304(a)(5). If the intentional damage results in pecuniary loss of between $500 and $1,000, the offense is graded as a misdemeanor of the third degree. *See* 18 Pa.C.S. § 3304(b). Accordingly, to satisfy its burden of proof for both charged counts of criminal mischief, the Commonwealth was required to produce evidence establishing that Appellant intentionally damaged two items of property that did not belong to him, and that each resulted in pecuniary loss of more than $500. *See* *Commonwealth v. Sulpizio*, 281 A.3d 352, 359 (Pa.Super. 2022) ("[W]hen criminal mischief is charged as a misdemeanor, the value of the damage caused is an essential element of the crime.").

Here, the Commonwealth presented photographs of the damaged iPhone 11s, which were both thoroughly cracked. *See* Commonwealth's Exhibits 1, 2, 4. S.B. and A.S. testified to owning the respective phones and that they left them, undamaged, on a bench at the basketball court on the day in question. *See* N.T. Hearing, 3/13/23, at 8-9, 23. While neither S.B. nor A.S. saw the destruction of their property, they saw Appellant leaving the scene when they returned to the court. *Id*. at 7, 22. Furthermore, five other boys who were familiar with Appellant witnessed him throw the phones down onto the court, smash one with his scooter, and/or throw one over the fence into the creek. *Id*. at 29-34 (testimony of C.R.), 41-44 (testimony of S.R.), 48-51 (testimony of T.H.), 56-59 (testimony of R.K.), 62-64 (testimony of B.B.).

Additionally, S.B's grandmother testified that she purchased the $1,000 iPhone for him at Christmas for a discounted price of $599.99 because that model was being discontinued, and had to pay $1,000 to replace it. *Id*. at 13-14. *See also* Commonwealth's Exhibit 3 (showing purchase price of $599.99). A.S.'s mother testified that she paid "about $1,000" for her son's phone, and it cost $1,200 to buy a replacement. *See* N.T. Hearing, 3/13/23, at 26.

Based upon the elements of the offense detailed above, the Commonwealth's evidence was plainly sufficient to establish that Appellant destroyed two phones that did not belong to him, each with purchase prices and replacement costs of more than $500. Hence, we agree with counsel that advocating a sufficiency challenge to his adjudications would be wholly baseless.

The remaining issue identified by counsel is whether the evidence was against the weight of the evidence. The following legal principles govern our assessment of this claim:

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. Thus, we may reverse the juvenile court's adjudication of delinquency only if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the juvenile court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, this Court is limited to a consideration of whether the juvenile court palpably abused its discretion in ruling on the weight claim. Hence, a juvenile court's

- 7 -

denial of a weight claim is the least assailable of its rulings, as conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve.

*Interest of N.A.P.*, 216 A.3d 330, 336 (Pa.Super. 2019) (cleaned up).

In his post-dispositional motion, Appellant requested that the juvenile court reweigh the evidence in his favor, citing the alibi testimony of his father and grandmother. The juvenile court denied the motion without explanation. Further, since counsel filed a statement of intention to file an *Anders* brief, the juvenile court did not author a Pa.R.A.P. 1925(a) opinion. Thus, the certified record does not contain the express reasoning for the court's decision to deny Appellant's weight claim.

Nonetheless, it is apparent from the certified record that the juvenile court's decision to decline Appellant's motion was well within its discretion. Appellant's father testified that during the time of the March 17, 2022 incident, he was in the bathroom for his daily 6:00 to 7:30 toilet time and heard Appellant coughing in his adjacent bedroom for the whole ninety minutes. *See* N.T. Hearing, 3/13/23, at 76. Appellant's grandmother initially testified that Appellant was sick, at home from school, and was with her in her room the entire day; however, on cross-examination she indicated that he was in his own bedroom but she never lost sight of him for a single second. *Id*. at 83, 88. Finally, Appellant presented a letter from his school indicating that he had been sent home with COVID-related symptoms on March 15, 2022, and was instructed to quarantine for ten days. *See* Defense Exhibit 1.

However, as detailed above, the Commonwealth presented the testimony of seven individuals who testified that Appellant was at the basketball court, which was less than half of a mile away from his home, at the time in question. While the two boys whose phones were destroyed only witnessed Appellant leave after the fact, the other five attested to seeing Appellant smash one or both of the phones. All seven of the Commonwealth's eyewitnesses were familiar with Appellant, and the certified record contains no suggestion that any had a bias against him or motive to lie.

Thus, the evidence here was not "so one-sided or so weighted in favor of acquittal" that the juvenile court palpably abused its discretion in rejecting Appellant's weight claim. *Interest of N.A.P.*, 216 A.3d at 336. Rather, it was up to the court to assess the credibility of the witnesses and weigh the evidence accordingly. As such, we agree with counsel that advocating a claim of error as to the juvenile court's denial of his post-dispositional challenge to the weight of the evidence would be futile.

Finally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues that counsel failed to address. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Therefore, we affirm the dispositional order and grant counsel's petition to withdraw.

Application of Deborah L. B. Brown, Esquire, to withdraw as counsel is granted. Dispositional order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/12/2024