J-S11036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN LEE DUTTER | : | |
| | : | |
| Appellant | : | No. 1184 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 27, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000093-2022

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 23, 2024**

Appellant, Stephen Lee Dutter, appeals from his judgment of sentence following a bench trial at which he was convicted of driving under the influence of a controlled substance, possession of a small amount of marijuana, possession of drug paraphernalia, and the summary offenses of driving while operating privileges are suspended or revoked and violation of vehicle headlight requirements.[1]  Appellant's appellate counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Because the letter that counsel sent to Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1)(i) and (d)(2), 35 P.S. § 780-113(a)(31), 35 P.S. § 780-113(a)(32), 75 Pa.C.S. § 1543(a), and 75 Pa.C.S. § 4303(a), respectively.

advising him of his rights does not comply with the requirements that counsel must satisfy for withdrawal to be granted, we deny counsel's petition to withdraw and direct counsel to correct the letter's deficiency in accordance with the instructions below.

At approximately 10:51 p.m. on May 27, 2021, a Pennsylvania State Police trooper observed Appellant's vehicle traveling on US 22 in South Whitehall Township, Pennsylvania, with a non-functioning headlight and initiated a traffic stop. Trial Court Opinion at 1; Trial Court Order, 9/12/22, at 1 n.1. After Appellant pulled over, the trooper explained the reason for the stop and asked for Appellant's driver's license, registration, and proof of insurance, and Appellant told the trooper that he did not have a valid license. Trial Court Opinion at 1-2. During this conversation, the trooper observed that Appellant's eyes were red and bloodshot and that his speech was slow and slurred. *Id.* at 2. The trooper asked Appellant to step out of the vehicle and conducted field sobriety tests. *Id.* at 2; Trial Court Order, 9/12/22, at 1 n.1. The trooper concluded based on the field sobriety tests that Appellant was under the influence of a controlled substance and arrested Appellant. Trial Court Opinion at 2; Trial Court Order, 9/12/22, at 1 n.1. A subsequent blood draw revealed the presence of marijuana in Appellant's system. Trial Court Opinion at 2; Trial Court Order, 9/12/22, at 1 n.1.

Appellant was subsequently charged with the above offenses. On July 21, 2022, Appellant filed a motion to suppress in which he asserted that the

traffic stop was without probable cause and sought to suppress evidence obtained during the stop and the blood test. Following a hearing, the trial court on September 12, 2022, denied Appellant's motion to suppress. Trial Court Order, 9/12/22. Appellant thereafter agreed to a stipulated bench trial. At this bench trial on April 27, 2023, the trial court found Appellant guilty of all charges and sentenced him to 5 days of incarceration, followed by probation with restrictive sanctions for 4 years, 11 months, and 25 days, with the first 120 days to be served on house arrest with electronic monitoring. N.T. Trial and Sentencing at 18, 30-31. This timely appeal followed. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely filed a Rule 1925(b) statement in which the only issue that he raised was that the traffic stop was unlawful and that the trial court therefore erred in denying the suppression motion.

On September 6, 2023, Appellant's counsel filed an ***Anders*** brief and petition to withdraw as counsel. In his ***Anders*** brief, counsel raises the issue of whether the trial court erred in denying Appellant's motion to suppress and concludes that this issue is frivolous and that there are no other non-frivolous grounds for appeal. ***Anders*** Brief at 5-10. Appellant has not filed any response to counsel's petition to withdraw or ***Anders*** brief. The Commonwealth filed a brief in support of affirmance.

Before this Court can consider the merits of this appeal, we must first determine whether Appellant's counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); *Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015). To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient *Anders* brief; and (3) provide a copy of the *Anders* brief to the defendant and advise the defendant of his rights to proceed with retained counsel or *pro se*. *Commonwealth v. Falcey*, 310 A.3d 313, 314 (Pa. Super. 2024); *Dempster*, 187 A.3d at 270; *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

> An *Anders* brief must comply with all the following requirements:
>
> [T]he *Anders* brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *see also Dempster*, 187 A.3d at 270. The letter advising the defendant of his rights must advise him that he has an immediate right to: (1) retain new counsel to

- 4 -

pursue the appeal; (2) proceed *pro se* on appeal; and (3) raise any points that he deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief. **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014); **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007); **Millisock**, 873 A.2d at 751-52.

If counsel has not satisfied all three of these threshold procedural requirements, the petition to withdraw must be denied and counsel must be directed to correct the deficiency. **Falcey**, 310 A.3d at 314-15; **Commonwealth v. Tukhi**, 149 A.3d 881, 886 (Pa. Super. 2016); **Millisock**, 873 A.2d at 752. Here, counsel has satisfied the first two of these requirements. Counsel's **Anders** brief substantially complies with the requirements outlined above regarding the content of such a brief. Although counsel's petition to withdraw fails to fully set forth grounds for withdrawal, counsel states in his **Anders** brief that he has reviewed the entire record and determined any appeal in this matter would be frivolous and requests to withdraw as counsel on that basis. **Anders** Brief at 5-6, 10.

Counsel's letter to Appellant, however, did not advise Appellant of all of the rights of which withdrawing counsel must advise his client. The letter states:

> If the Superior Court accepts my analysis, it will grant my motion to be relieved from representing you and will affirm the judgment of conviction/Order from which you appealed. It is very important, therefore, that you be aware that **you have the right to file a *pro se* supplemental brief with the Superior Court setting forth any points that you think ought to be raised on your**

- 5 -

**appeal**. The Superior Court will conduct its own review of the record and any supplemental brief from you, and if it concludes that a non-frivolous ground exists for reversal or modification of the judgment/Order, it will assign new appellate counsel to represent you.

**If you wish to file a *pro se* supplemental brief**, you must notify the Superior Court in writing as soon as possible but no later than thirty (30) days from the date of mailing of this letter of your intention to do so.

1/18/24 Letter from Counsel to Appellant, attached to Response to Order as Exhibit D (emphasis added). Nowhere in this letter does counsel advise Appellant that he has the right to retain new counsel to represent him in this appeal. Where counsel who is petitioning to withdraw fails to advise his client that the client has right to retain new counsel, proceed *pro se*, and raise any additional points that he deems worthy of this Court's attention, this Court must deny counsel's petition to withdraw and must direct counsel to send his client a new letter fully advising him of those rights. *Millisock*, 873 A.2d at 752; *Commonwealth v. Heron*, 674 A.2d 1138, 1140 (Pa. Super. 1996).

Because counsel's letter failed to advise Appellant of his right to retain new counsel, we therefore deny the petition to withdraw without prejudice, remand this case and direct counsel to, within 10 days of the filing date of this memorandum, send a letter to Appellant that fully informs him of his immediate right to privately retain new counsel, proceed *pro se*, and raise any additional points that he deems worthy of this Court's attention and to, within 10 days of the filing date of this memorandum, file an amended petition to withdraw with this Court. Counsel is to attach the letter that he has sent to

Appellant complying with these directions to the amended petition to withdraw and must also file with this Court proof that Appellant was served with both the new letter advising him of his rights and the amended petition to withdraw. If Appellant retains new counsel and that privately retained counsel enters his or her appearance in this Court within 30 days, new counsel will have 30 days to respond to the **Anders** brief, and, if so, the Commonwealth will then have 30 days to file a responsive brief.

Petition to withdraw denied without prejudice. Case remanded. Panel jurisdiction retained.